IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY § § § | |
| Plaintiff § | CIVIL ACTION NO. 7:19-cv-283 |
| § | |
| vs. § | ACTION FOR DECLARATORY RELIEF |
| § | |
| INSIGNIA HOSPITALITY GROUP, INC. § § | |
| Defendant | |

PLAINTIFF'S ORIGINAL COMPLAINT FOR
DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Landmark American Insurance Company ("Landmark") files this Original Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and, in support, respectfully shows the Court as follows:

## I. THE PARTIES

1. Plaintiff Landmark is a New Hampshire corporation that conducts insurance business in the State of Texas. Landmark's principal place of business is in Georgia.

2. Defendant Insignia Hospitality Group, Inc. ("Insignia") is a Texas corporation doing business in Texas, with its principal place of business at 6108 Homestead Blvd., Midland, TX 79707. It can be served through its registered agent: Darpan V. Bhakta, 4702 Frost Place, Midland, TX 79705.

## II. JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs because Defendant Insignia is seeking damages

from Landmark in excess of $75,000. Landmark seeks declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*., the Federal Declaratory Judgment statute.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the property at issue is located in this district.

### III. INTRODUCTION AND BACKGROUND

5. Insignia is the Named Insured under a Deductible Buy Back policy issued by Landmark, Policy No. LHD907379, with effective dates of March 16, 2019 to March 16, 2020 (the "Landmark Policy"). **(Exhibit 1** – Landmark Policy, Deductible Buy Back Schedule).

6. The Landmark Policy provides deductible buy back coverage for properties owned by Insignia if they are damaged by Windstorm or Hail. (*See id*.).

7. A Deductible Buy Back policy,[1] like the Landmark Policy, is a specific type of insurance policy that is purchased by an insured to provide coverage for the amount, or part of the amount, of the deductible in another policy purchased by the insured. In other words, when an insured purchases a policy with a high deductible from one insurer, it may also purchase a separate policy from another insurer to cover losses in a layer below the high deductible. Therefore, a deductible buy back policy is insurance that functions to reduce the insured's deductible under another policy. It is axiomatic that with windstorm or hail deductible buy back coverage, the coverage only applies if the damage was caused by wind or hail.

8. Insignia made a claim on Landmark for alleged hail damage at three of its locations located in Midland, Texas, from a storm occurring or about April 23, 2019, as follows:

- Insignia Corporate Offices, 401 Tradewinds Blvd., Midland, TX, 79707;
- Springhill Suites, 5716 Deauville Blvd., Midland, TX 79706; and

---

[1] Deductible Buy Back policies are also known as Deductible Buy Down policies.

- Holiday Inn Express, 5309 W. Loop 250 N, Midland, TX 79707.

9. The alleged hail damage was fully investigated by Landmark and its retained consultants and engineering experts. It was determined that the Holiday Inn Express location suffered hail damage to its metal roofs that was covered under the Policy, and Insignia and Landmark reached a claim agreement for that location, and accordingly, that location is not at issue in this lawsuit.[2]

10. Therefore, the focus of this declaratory judgment action are the other two locations: Insignia Corporate Offices, 401 Tradewinds Blvd., Midland, TX, 79707; and Springhill Suites, 5716 Deauville Blvd., Midland, TX 79706. Hereafter, they are collectively referred to as the "Properties."

11. The roofs of the Properties are both low-sloped, covered with a thermoplastic polyolefin ("TPO") roofing membrane. Insignia contends that the TPO roofs sustained hail damage from the storm at issue, but Landmark's engineering experts determined that the TPO roofs did not sustain hail damage that diminished any of their functionality to shed water or their longevity. Therefore, Insignia and Landmark dispute whether the Policy covers any costs to repair or replace the roofs because the roofs did not sustain "damage" covered under the Policy.

12. Landmark has filed this declaratory judgment action for a determination of these coverage issues.

### IV. SUMMARY OF COVERAGE ISSUES

13. Landmark seeks a declaration as to the following coverage issues:

---

[2] Landmark has paid Insignia about $164,323 in actual cash value for the roofs at the Holiday Inn Express location.

14. Does the Landmark Policy's coverage for "direct physical loss or damage" include the two roofs of the Properties on which limited spots evidencing a change in condition have occurred that do not diminish the roofs functionality, water shedding ability or longevity?;

15. Does the Landmark Policy provide deductible buy back coverage for the slight changes in the condition of the roofs where the roofs have not sustained any diminished function or longevity from hail?

## V.  THE LANDMARK POLICY

16. The provisions of the Landmark Policy are incorporated herein by reference.

17. All conditions precedent to filing this lawsuit have occurred.

18. The following sets forth the pertinent provisions of the Landmark Policy:

19. The Landmark Policy's "Deductible Buy Back Schedule" specifically sets forth the following:

**DEDUCTIBLE BUY BACK SCHEDULE**

\* \* \*

Item

\* \* \*

3.   Perils Covered:   Windstorm or Hail

- Excluding Terrorism

\* \* \*

5.   Primary Insurers and Policy Numbers:    Hartford Fire Insurance Company
                                              46UUNIA0461

6.   Deductible:   $100,000 Per Occurrence (Property Damage)

7.   Limit Insured:   $900,000. Per Occurrence
                      subject to a two times annual aggregate equal to $1,800,000.

\* \* \*

20. The Landmark Policy's "Deductible Buy Back Coverage Form" provides as follows (emphasis added):

4

**DEDUCTIBLE BUY BACK COVERAGE FORM**

1. INSURING CLAUSE:

   Subject to the limitations, terms and conditions contained in this Policy or added hereto, the Company agrees to indemnify the Insured named in the schedule herein in respect of direct physical loss or damage to the property described in the schedule while located or contained as described in the schedule, occurring during the period stated in the schedule and caused by any of such perils as are set forth in Item 3 of the schedule, and which are also covered by and defined in the policy/ies specified in the schedule and issued by the "Primary Insurer(s)" stated therein.

2. LIMIT:

   Provided always that liability attaches to the Company only after the underlying deductible has been paid as set forth in Item 6 of the schedule and designated "Underlying Deductible" and then the limits of the Company's liability shall be those set forth in Item 7 under the designation "Limit Insured" and the Company shall be liable to pay the ultimate net loss up to the full amount of such "Limit Insured."

3. DEFINITIONS:

   (a) **Loss:** The word "loss" shall mean a loss or series of losses arising out of one event or occurrence.

   (b) **Ultimate Net Loss:** The words "ultimate net loss" shall mean the loss sustained by the Insured as a result of the happening of the perils covered by this Policy after making deductions for all salvages, recoveries and other valid and collectible insurance [other than recoveries under the policy/ies of the primary and underlying excess insurer(s)].

   * * *

5. MAINTENANCE OF PRIMARY INSURANCE:

   In respect of the perils hereby insured against, this Policy is subject to the same warranties, terms, and conditions (except as regards the premium, the amount and limits of liability other than the deductible or self-insurance provisions where applicable, and the renewal agreement, if any; and EXCEPT AS OTHERWISE PROVIDED HEREIN) as are contained in or as may be added to the policy/ies of the primary insurer(s) prior to the happening of a loss for which claim is made hereunder, and should any alteration be made in the premium for the policy/ies of the primary insurer(s), then the premium hereon shall be adjusted accordingly.

   It is a condition of this Policy that the policy/ies and underlying excess insurer(s) shall be maintained in full effect during the currency of this Policy.

   * * *

(Exhibit 1 – Landmark Policy, Deductible Buy Back Coverage Form).

## VI.  CLAIM FOR DECLARATORY RELIEF

21. Landmark hereby incorporates by reference the preceding paragraphs.

22. Pursuant to 28 U.S.C. § 2201, Landmark seeks a declaration including, but not limited to, the following:

A. Does the Landmark Policy's coverage for "direct physical loss or damage" include the two roofs of the Properties on which limited spots evidencing a change in condition have occurred that do not diminish the roofs functionality, water shedding ability or longevity?

B. Whether, because there is no direct physical loss or damage as contemplated by the Policy, Landmark owes any monies to repair or replace the roofs at the Properties?

C. Landmark reserves the right to assert additional Policy provisions (under its Policy and/or the primary Hartford policy) as the case or claim develops, as there may be other provisions that apply of which Landmark has no present knowledge. Therefore, Landmark requests that the Court make such other and further declarations as may be appropriate.

THEREFORE, Landmark prays that Insignia be summoned to appear and answer herein, and that upon trial hereof, the Court declare that there is no coverage afforded to Insignia under the Landmark Policy for Insignia's claim for roof damage at the Properties; and that Landmark be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/ *Jay W. Brown*
**Jay W. Brown**
Texas Bar No. 03138830
jbrown@shackelford.law
**Hilary C. Borow**
Texas Bar. No. 00787106
hborow@shackelford.law
SHACKELFORD, BOWEN, MCKINLEY NORTON, LLP
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Telephone: (832) 415-1721
Facsimile: (832) 415-1095

**ATTORNEYS FOR PLAINTIFF LANDMARK AMERICAN INSURANCE COMPANY**